UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BURKE WAYNE BAUGHMAN, JR.,

Plaintiff,

v.                                                          CAUSE NO. 1:23-CV-441-DRL-MGG

OFFICER MALCOLM,

Defendant.

## OPINION AND ORDER

Burke Wayne Baughman, Jr., a prisoner without a lawyer, filed an amended complaint alleging he was sexually and physically assaulted at the Allen County Jail. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Baughman alleges Officer Malcolm engaged in an escalating pattern of sexual misconduct toward him while he was a pretrial detainee. Mr. Baughman alleges he inappropriately commented about his penis on February 16, 2022; that he blew him a kiss and winked at him within the following week; that he inappropriately touched his buttocks sometime between March 8, 2022 and September 27, 2022; and that he inappropriately touched his genitals during a strip search on November 25, 2022. "In

evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). The allegations in the complaint state a claim against Officer Malcolm for punishing Mr. Baughman by sexually abusing him in violation of the Fourteenth Amendment.

Mr. Baughman alleges Officer Malcolm retaliated against him on March 8, 2022, by threatening to physically harm him for reporting his sexual behavior. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotations omitted). This allegation states a claim for a violation of the First Amendment.

Mr. Baughman alleges Officer Malcolm pulled his arm out of its socket. It is unclear when, why, or how this happened, but the complaint plausibly alleges it was done with the intent to punish Mr. Baughman in violation of the Fourteenth Amendment.

Mr. Baughman names two other defendants. He sues "All Jail Staff," but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). He also sues Sheriff Gladieux, but merely alleges that "My 8th Amendment was violated by Sheriff Gladieux[.]" ECF 5 at 4. This conclusory allegation does not state a plausible claim.

2

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

For these reasons, the court:

(1) GRANTS Burke Wayne Baughman, Jr., leave to proceed against Allen County Jail Officer Malcolm in his individual capacity for compensatory and punitive damages for punishing him without due process by sexually abusing him by inappropriately commenting about his penis on February 16, 2022; blowing him a kiss and winking at him within the following week; inappropriately touching his buttocks sometime between March 8, 2022, and September 27, 2022; and inappropriately touching his genitals during a strip search on November 25, 2022, in violation of the Fourteenth Amendment;

3

(2) GRANTS Burke Wayne Baughman, Jr., leave to proceed against Allen County Jail Officer Malcolm in his individual capacity for compensatory and punitive damages for retaliating against him by threatening to physically harm him for reporting his sexual behavior in violation of the First Amendment;

(3) GRANTS Burke Wayne Baughman, Jr., leave to proceed against Allen County Jail Officer Malcolm in his individual capacity for compensatory and punitive damages for punishing him without due process by pulling his arm out of its socket in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Gladieux and All Jail Staff;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Allen County Jail Officer Malcolm at Allen County Jail, with a copy of this order and the amended complaint (ECF 5);

(7) ORDERS Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Allen County Jail Officer Malcolm to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 24, 2024  *s/ Damon R. Leichty*
Judge, United States District Court